UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KENNETH DURON WILSON,         )<br>                               )<br>      Plaintiff,              )<br>   v.                          )<br>                               )   Civ. A. No: 20-0100 (ABJ)<br>CHAD WOLF, Acting              )<br>   Secretary, Department of Homeland )<br>   Security                   )<br>                               )<br>      Defendant.             ) | |

## MOTION TO DISMISS COMPLAINT IN PART

Defendant, by undersigned counsel, hereby moves to dismiss the Complaint in part pursuant to Federal Rule of Civil Procedure Rule ("Rule") 12(b)(6). Specifically, Defendant moves to dismiss Plaintiff's claim under 42 U.S.C. § 1981 based on gender discrimination, all claims asserted by Plaintiff under 42 U.S.C. § 1983, and Counts IV to VI of the Complaint in their entirety.[1]   A supporting memorandum and proposed order accompanies this motion.

\*     \*     \*

---

[1] Pursuant to Rule 12(a)(4), unless otherwise ordered by the Court, Defendant does not intend to file an Answer at this time as to the portions of the Complaint not subject to this motion, but will do so after resolution of this motion.

Respectfully submitted,

TIMOTHY J. SHEA
D.C. BAR # 437437
United States Attorney

DANIEL F. VAN HORN
D.C. BAR # 924092
Civil Chief

By:    /s/
JEREMY S. SIMON, D.C. BAR #447956
Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C. 20530
(202) 252-2528
Jeremy.simon@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KENNETH DURON WILSON, )<br>)<br>　　　　Plaintiff, )<br>　　v. )<br>)<br>CHAD WOLF, Acting )<br>　Secretary, Department of Homeland )<br>　Security )<br>)<br>　　　　Defendant. ) | Civ. A. No: 20-0100 (ABJ) |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF**
**MOTION TO DISMISS COMPLAINT IN PART**

Defendant Chad Wolf, Acting Secretary, Department of Homeland Security ("DHS"), by undersigned counsel, provides this memorandum in support of DHS's motion to dismiss the Complaint in part. As discussed below, Defendant moves to dismiss the Complaint to the extent it asserts a gender discrimination claim under 42 U.S.C. § 1981, a claim under 42 U.S.C. § 1983, a claim for retaliation in violation of the False Claims Act, 31 U.S.C. § 3730(h) (Count IV), a claim for hostile work environment (Count V), and a claim for conspiracy in violation of 42 U.S.C. § 1985(3) (Count VI).

**FACTS**

According to the allegations in the Complaint, Plaintiff worked as a reservist on a temporary basis for the Federal Emergency Management Administration ("FEMA") for the period from 2006 until his de-mobilization in February 2012. (Compl. ¶¶ 12, 24-25) Between August 2011 and February 2012, Plaintiff was deployed to work in New York under a disaster declaration following Hurricane Irene. (Compl. ¶ 13) During Plaintiff's New York deployment, Plaintiff's "superiors" were "Timothy Henggeler, Hewlett OFO Logistics Group Supervisor and Jeffery Cole, Kirkwood

Office of Field Operations ("OFO") Logistics Group Supervisor; second-line Supervisors; Tom Szmyr, External Support Branch Director, Dan Paton, Pete Connelly and Laura Swedlow, Deputy Logistics Section Chiefs, and John Alonso and Gary Butkus, Logistics Section Chiefs." (Compl. ¶ 14)

In October 2011, Plaintiff allegedly was reassigned from the Long Island OFO to the OFO in Birmingham, New York and replaced by Paul Swindells, a Logistics Manager, "because Mr. Swindells lived less than fifty (50) miles from the Long Island OFO, and Defendant would not have to pay for lodging and per diem for Mr. Swindells."  (Compl. ¶ 18)  Plaintiff alleges that the reassignment, however, was part of a "scheme" by Mr. Alonso and Ms. Swedlow to "find a route from Mr. Swindells' home to the Long Island OFO that would give Mr. Swindells fifty (50) or more in travel miles" so that he would remain in travel status. (Compl. ¶ 19) Plaintiff also alleges that the reassignment was motivated by race discrimination.  (*Id.*)  In November 2011, Plaintiff contacted Defendant's Equal Rights Office and complained that his reassignment was discriminatory and involved a fraudulent scheme.   (Compl. ¶ 20)

On January 3, 2012, Plaintiff allegedly was demoted from Logistics Manager and reassigned to the position of Logistics System Specialist Trainee. (Compl. ¶ 22) In February 2012, Plaintiff was de-mobilized and his temporary employment with FEMA as a reservist ended at that time. (Compl. ¶¶ 24-25, 30) Plaintiff alleges that his alleged demotion and de-mobilization were the result of discrimination and retaliation for raising allegations regarding the alleged fraudulent scheme by Mr. Alonso and Ms. Swedlow.   (Compl. ¶ 29)

In May 2014, Plaintiff alleges that he was offered a Service Branch Director position at FEMA that was revoked later that same day. (Compl. ¶ 32) Thereafter, in June 2014, Plaintiff was hired by FEMA into a full-time position and was stationed in Kansas City, Missouri. (Compl. ¶ 35) His supervisors were Ralph Meyers and DuWayne Tewes. (Compl. ¶ 36) Plaintiff alleges that, in April 2015, he received an "Exceeds Expectation" performance rating from those supervisors. (Compl. ¶ 40) In subsequent months, however, Plaintiff alleges that these same supervisors denied his request to telework, issued him a Letter of Reprimand, denied him use of a purchase card, issued him an unsatisfactory performance rating in February 2016, directed that he de-mobilize by April 1, 2016, denied him training, and terminated his employment in May 2016. (Compl. ¶¶ 42-60).

Plaintiff has filed a six-count Complaint alleging race discrimination in violation of Title VII, 42 U.S.C. § 1981, and 42 U.S.C. § 1983 (Count I); sex and gender discrimination in violation of Title VII, 42 U.S.C. § 1981, and 42 U.S.C. § 1983 (Count II); retaliation in violation of Title VII, 42 U.S.C. § 1981, and 42 U.S.C. § 1983 (Count IIII); retaliation in violation of the False Claims Act, 31 U.S.C. § 3730(h) (Count IV), a claim for hostile work environment (Count V), and a claim for conspiracy in violation of 42 U.S.C. § 1985(3) (Count VI).

## STANDARD OF REVIEW

Motions to dismiss under Federal Rule of Civil Procedure ("Rule") 12(b)(6) test the sufficiency of a complaint. *Smith Thompson v. District of Columbia*, 657 F. Supp. 2d 123, 129 (D.D.C. 2009). "'A complaint can be dismissed under Rule 12(b)(6) when a plaintiff fails to state a claim upon which relief can be granted.'" *Howard Univ. v. Watkins*, 857 F. Supp. 2d 67, 71 (D.D.C. 2012) (quoting *Peavey v. Holder*, 657 F. Supp. 2d 180, 195 (D.D.C. 2009) (citing Fed. R. Civ. P. 12(b)(6))).

To survive a motion to dismiss, a complaint must contain sufficient factual matter, acceptable as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 566, 570 (2007)). Indeed, the complaint must appear plausible on its face and raise a reasonable expectation that discovery will produce supporting evidence. *Twombly*, 550 U.S. at 555. That is, while there is no "probability requirement at the pleading stage," *id.* at 556, to survive a Rule 12(b)(6) motion to dismiss, the facts alleged in the complaint must be sufficient "to state a claim for relief that is plausible on its face." *id.* at 570. The Court has referred to this standard as the "plausibility standard." *Id.* at 560-61 (abandoning the "no set of facts" language from *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

On a motion to dismiss under Rule 12(b)(6), the Court may consider, in addition to the facts alleged in the complaint, documents attached to, or incorporated into the complaint by reference, as well as matters of which it may take judicial notice. *See EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624-25 (D.C. Cir. 1997); *see also Lipton v. MCI Worldcom, Inc.*, 135 F. Supp. 2d 182, 186 (D.D.C. 2001) ("[T]he court may consider the defendant's supplementary material without converting the motion to dismiss into one for summary judgment. This Court has held that 'where a document is referred' to in the complaint and is central to plaintiff's claims, such a document attached to the motion papers may be considered without converting the motion to one for summary judgment.'").

**ARGUMENT**

**I.     Plaintiff Has Failed To Plead A Claim Under 42 U.S.C. § 1983**

Plaintiff's claim under 42 U.S.C. § 1983 should be dismissed for several threshold reasons. First, by its plain terms, 42 U.S.C. § 1983 does not apply to federal officials acting under color of federal law. *See, e.g., Daly-Murphy v. Winston*, 837 F.2d 348, 355 (9th Cir. 1987); *Gabriel v.*

*Corr. Corp. of Am.*, 211 F. Supp. 2d 132, 135-36 (D.D.C. 2002) (dismissing section 1983 claim against U.S. Bureau of Prisons); *Richardson v. U.S. Dep't of Interior*, 740 F. Supp. 15, 20 (D.D.C. 1990).  Rather, Section 1983 applies only to actions under color of state law and does not create a cause of action against federal officials.  *Settles v. U.S. Parole Comm'n,* 429 F.3d 1098, 1104 (D.C. Cir. 2005).  Plaintiff has therefore failed to state a claim under 42 U.S.C. § 1983.

Second, a government entity does not have respondeat superior liability under section 1983.  A government entity only can be liable if it has enacted a policy that inflicts the alleged constitutional injury.  *Singletary v. District of Columbia,* 766 F.3d 66, 72 (D.C. Cir. 2014). Plaintiff has not alleged the existence of such a policy by Defendant, but rather focuses on the actions of individual supervisors at FEMA.  Nor has Plaintiff alleged any violation of his constitutional rights.  Accordingly, for all of these reasons, Plaintiff's section 1983 claim should be dismissed from each of the counts in which it has been asserted.

**II.     Plaintiff's Claim For Gender Discrimination Based On 42 U.S.C. § 1981 Should Be Dismissed**.

Plaintiff asserts a claim in Count II for gender discrimination in violation of 42 U.S.C. § 1981.  However, section 1981 applies only to claims of race discrimination and retaliation arising from complaints regarding race discrimination.  *Ayissi-Etoh v. Fannie Mae,* 712 F.3d 572, 576 n.1, 578 (D.C. Cir. 2013).  Accordingly, to the extent Plaintiff relies on section 1981 as a basis for any claim of discrimination based on his gender, any such claim should be dismissed.

**III.    Plaintiff's Claim Under The False Claims Act Is Time-Barred.**

In Count IV, Plaintiff alleges that he was retaliated against in violation of the False Claims Act, 31 U.S.C. § 3730(h)(1), for raising allegations beginning in November 2011 that his "superiors" at the time, Mr. Alonso and Ms. Swedlow, engaged in a fraudulent scheme to enable another employee, Mr. Swindells, to claim a per diem and travel compensation for which he was

not entitled. (Compl. ¶¶ 85-87) Plaintiff alleges that his demotion in January 2012 and demobilization in February 2012 was in retaliation for his raising these allegations. (Compl. ¶ 88) Plaintiff also alleges that the May 2014 revocation of a job offer at FEMA also was in retaliation for his raising these allegations. (Compl. ¶ 88)

The False Claims Act was amended in 2010 to provide for a three-year statute of limitations for bringing a retaliation claim under section 3730(h). *Saunders v. District of Columbia,* 789 F. Supp. 2d 48, 51-52 (D.D.C. 2011). The Act provides, in relevant part, that "[a] civil action under [the statute's anti-retaliation provisions] may not be brought more than 3 years after the date when the retaliation occurred." 31 U.S.C. § 3730(h)(3). Because Plaintiff contends that the most recent act of alleged retaliation arising from his allegations of a fraudulent travel voucher scheme occurred in May 2014, Plaintiff's claim under the False Claims Act is facially untimely and should be dismissed. *Commonwealth Land Title Ins. Co. v. KCI Techs., Inc.*, 922 F.3d 459, 464 (D.C. Cir. 2019) (dismissal on statute-of-limitations grounds is proper when "the complaint on its face is conclusively time-barred").

## IV.     Plaintiff Has Failed To Plausibly Plead A Hostile Work Environment

In Count V, Plaintiff asserts a race-based hostile work environment claim. As asserted in Count V, that claim appears to be limited to conduct occurring after Plaintiff began working for FEMA full-time in June 2014. Plaintiff alleges that the hostile work environment "includes the actions by Mr. Tewes and or Mr. Meyers as alleged in paragraphs 47-48 and 53-60, incorporated herein by reference." (Compl. ¶ 92) Paragraph 47 references two instances where Plaintiff was denied use of a purchase card, and paragraph 48 refers to the denial of the opportunity for Plaintiff to become a Disaster Alternative Approving Official. Paragraphs 53 to 60 refer to Plaintiff's receipt of an unsatisfactory performance rating, denying Plaintiff the privilege of providing

signature authority to his staff for travel vouchers, denial of training, one instance where Plaintiff was assigned to physically carry equipment for which another office was responsible, and the termination of Plaintiff's employment.   (Compl. ¶¶ 53-60)

Plaintiff's bare allegations regarding these discrete, isolated acts fail to plausibly plead the existence of a hostile work environment.  A hostile work environment exists only "[w]hen the workplace is permeated with discriminatory intimidation, ridicule and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993) (quotations and citations omitted); *see Brantley v. Kempthorne*, Civ. A. No. 06-1137 (ESH), 2008 U.S. Dist. LEXIS 38406, at *26 (D.D.C. May 13, 2008) ("[A] hostile work environment claim must be based on incidents comprising one unlawful employment practice of intimidation, insult and ridicule that pervades plaintiff's day-to-day working life.").  In determining whether a hostile work environment exists, courts must "look at the totality of the circumstances, including the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Smith v. Jackson,* 539 F. Supp. 2d 116, 137 (D.D.C. 2008). There is both an objective and subjective component to the analysis.  The conduct must be "severe or pervasive enough to create an objectively hostile or abusive work environment that a reasonable person would find hostile or abusive" and Plaintiff must have subjectively perceived the environment as intolerable or Defendant's conduct cannot be said to have altered the conditions of her employment. *Harris,* 510 U.S. at 21-22.

Courts consistently apply this demanding hostile work environment standard "to ensure that Title VII does not become a general civility code," and to "filter out complaints attacking the

ordinary tribulations of the workplace." *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998). "Even a few isolated incidents of offensive conduct do not amount to actionable harassment." *Stewart v. Evans*, 275 F.3d 1126, 1134 (D.C. Cir. 2002). Essentially, a viable hostile work environment claim requires that the challenged conduct "be extreme to amount to a change in the terms and conditions of employment." *Faragher*, 524 U.S. at 788.

Where Plaintiff's hostile work environment claim is based entirely on conclusory allegations, or otherwise fails to plausibly plead facts sufficient to rise to the requisite severe or pervasive conduct, the claim may be dismissed on Rule 12(b)(6) grounds. *See, e.g., Barrett v. Pepco Holdings,* Civ. A. No. 17-0107 (APM), 2017 U.S. Dist. LEXIS 131055, at *13 (D.D.C. Aug. 17, 2017) ("Plaintiff's Second Amended Complaint does not plausibly allege that [a hostile work] environment existed."); *Golden v. Mgmt. & Training Corp.,* No. 16-1660, 2017 U.S. Dist. LEXIS 113582, at *20 n.7 (D.D.C. July 21, 2017) (finding the "alleged harassing behavior" to not be "sufficiently severe, pervasive, or extreme to rise to the level of an actionable hostile work environment"); *Allen v. Napolitano,* 774 F. Supp. 2d 186, 205 (D.D.C. 2011) ("In this case, plaintiff's allegations are not sufficiently severe or pervasive to rise to the level necessary to support a hostile work environment claim. Her claims that she was excluded from meetings, received unreasonable deadlines, denied training opportunities, and assigned busy work assignments did not cause objectively tangible harm to the terms or conditions of her employment").

Here, Plaintiff has failed to plausibly plead the existence of conduct that objectively rises to the level of the severe or pervasive conduct required to assert a hostile work environment claim. First, Plaintiff has failed to plausibly plead that his work environment as a reservist during the period from 2006 to 2012 was hostile. His allegations for that time period are limited to a

reassignment in October 2011 and his de-mobilization in February 2012.  Such discrete actions fall far short of the severe or pervasive conduct required to assert a hostile work environment claim.  Nor can that conduct be considered in any way related to the alleged conduct he experienced when he became a full-time FEMA employee in June 2014 at a new location and with new supervisors.  A hostile work environment claim cannot be based on an "array of unrelated [alleged] discriminatory or retaliatory acts" that are not sufficiently connected to each other. *Baird v. Gotbaum,* 662 F.3d 1246, 1252 (D.C. Cir. 2011); *see also Burkes v. Holder,* 953 F. Supp. 2d 167, 177-78 (D.D.C. 2013) (limited race-based hostile work environment claim only to related conduct).

Plaintiff cannot plausibly connect the 2011-2012 conduct to any alleged conduct that occurred in June 2014. *See Turner v. U.S. Capitol Police,* No. 14-5056, 2016 U.S. App. LEXIS 10194, at *2-3 (D.C. Cir. June 3, 2016); *see also Greer v. Paulson,* 505 F.3d 1306, 1314-16 (D.C. Cir. 2007) (change of supervisor is an intervening act that severs earlier conduct from more recent conduct to preclude allegation of continuous hostile work environment).  Indeed, Plaintiff does not cite to any conduct from 2011-2012 as a basis for his hostile work environment claim. (Compl. ¶¶ 90-96)

In terms of alleged conduct during his employment as a full-time FEMA employee, Plaintiff alleges that he began to be treated adversely by his supervisors after he allegedly received an exceeds expectations performance rating from them in April 2015.  The alleged conduct that he identifies, however, is limited to such discrete acts as a denial of use of a purchase card, his receipt of a negative performance review and his ultimate termination from employment.  These allegations amount to isolated instances that are neither sufficiently severe nor pervasive to state a claim. *See, e.g., Veitch v. England,* 471 F.3d 124, 130-31 (D.C. Cir. 2006) (holding that non-

selection for a desirable position, assignment to undesirable duties, sharing a small office, and being criticized did not make out a hostile work environment causing constructive discharge).

And, although Plaintiff makes the single, conclusory allegation that he was subject to "demean[ing]" treatment "[a]lmost on a daily basis" (Compl. ¶ 64), that generic allegation is tantamount to claiming that his work environment was "hostile."  In other words, it is the type of "formulaic recitation" of the elements of a claim that *Iqbal* found to be insufficient.  *Iqbal*, 556 U.S. at 680-81 (bare allegation that defendants knew of plaintiff's treatment as part of a discriminatory policy not sufficient to state a claim).  For all of these reasons, the hostile work environment claims should be dismissed.

## V.     Plaintiff Has Failed To Plead A Claim Under 42 U.S.C. § 1985(3)

Plaintiff also cannot state a claim for civil rights conspiracy under section 1985(3).  That claim is based on an alleged "scheme" between two of Plaintiff's "superiors", Mr. Alonso and Ms. Swedlow, to enable another employee to claim reimbursement for travel expenses to which he was not entitled. (Compl. ¶ 19)   Plaintiff has not alleged that these individuals acted outside the scope of their employment in engaging in this conduct.  To the contrary, Plaintiff contends that the scheme was effectuated in conjunction with the reassignment of multiple employees (including Plaintiff), a personnel action that allegedly was within the scope of these individuals' employment to direct.  (Compl. ¶ 17)   Thus, Plaintiff is, in effect, alleging that DHS conspired with itself, which is not actionable under section 1985.  *See, e.g., Tabb v. District of Columbia,* 477 F. Supp. 2d 185, 190 ("Federal district courts in the District of Columbia, however, consistently have applied the intracorporate conspiracy doctrine to Section 1985."); *Baines v. Masiello*, 288 F. Supp. 2d 376, 394 (W.D.N.Y. 2003) ("Based on the rationale of the intracorporate immunity doctrine, plaintiffs' Section 1985 claim cannot be maintained since the acts alleged to be in furtherance of

the conspiracy were performed solely within the scope of the alleged conspirators' duties as officials or employees of the City, a single municipal entity incapable of conspiring with itself.").

Under the "intracorporate conspiracy doctrine," employees of the same entity are presumed to act as a single enterprise and thus cannot engage in a conspiracy among themselves. *Tabb,* 477 F. Supp. 2d at 190; *Alehegn Mehari v. District of Columbia,* 268 F. Supp. 3d 73, 80 (D.D.C. 2017) ("This rule is 'based on the notion that a corporation and its agents constitute a single legal entity that cannot conspire with itself, just as it is impossible for an individual person to conspire with himself or herself."); *Martin v. District of Columbia,* 968 F. Supp. 2d 159, 168 (D.D.C. 2013) ("Although the D.C. Circuit has not weighed in on the applicability of the intracorporate conspiracy doctrine to claims under sections 1985 and 1986, . . ., other judges within this district have consistently found that it does apply.")  Thus, Plaintiff has failed to plead a required element of a section 1985 claim.

*   *   *

## **CONCLUSION**

For the foregoing reasons, the Court should dismiss Plaintiff's section 1981 claim for gender discrimination, all claims asserted by Plaintiff under section 1983, and Counts IV to VI of the Complaint in their entirety.

Respectfully submitted,

TIMOTHY J. SHEA
D.C. BAR # 437437
United States Attorney

DANIEL F. VAN HORN
D.C. BAR # 924092
Chief, Civil Division

By:        /s/
JEREMY S. SIMON, D.C. BAR #447956
Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C. 20530
(202) 252-2528
Jeremy.simon@usdoj.gov