**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **KENNETH DURONN WILSON,**<br>***Plaintiff,***<br>**v.**<br>**MARKWAYNE MULLIN,**<br>**Secretary of Homeland Security,**<br>***Defendant*.** | **Civil Action No. 20-100 (GMH)** |

**MEMORANDUM OPINION AND ORDER**

The Court previously issued an order vacating the pretrial conference and the trial date in this case. Minute Order (August 13, 2026). This Memorandum Order explains the reasons for that decision, and sets a status conference to discuss next steps in this case.

An order setting a trial date may be modified for "good cause." Fed. R. Civ. P. 16. The trial court "enjoys broad discretion in managing its docket and determining the order in which a case should proceed," *Grimes v. District of Columbia*, 794 F.3d 83, 90 (D.C. Cir. 2015), including in "how to enforce the deadlines [it] impose[s]," *In re Fannie Mae Sec. Litig.*, 552 F.3d 814, 822 (D.C. Cir. 2009). The Court issued a pretrial scheduling order on January 23, 2026. ECF No. 76. Among other things, that order set a trial date of September 9, 2026, and a pretrial conference date of August 14, 2026. *Id.* at 1. And it set, and ordered the parties to follow, an orderly procedure for preparing for trial and efficiently resolving pretrial disputes. *Id.* at 3–8. What has played out in the seven months since that order was issued has been anything but orderly. And a flurry of filings over the last few weeks gives the Court considerable pause about whether this case can be ready for jury trial on September 9.

To begin, trial preparation has been frustrated by Plaintiff's failure to comply with the Court's orders. Despite the pretrial scheduling order to disclose witnesses and exhibits in the joint pretrial statement on July 17, 2026, Plaintiff failed to disclose any exhibits or witnesses other than himself, asserting, unilaterally and without leave of Court, that he would "supplement" his disclosures on July 27 and August 7—due dates which were 10 and 21 days after those set by the Court. *Id.* at 1–5; ECF No. 87; ECF No. 88 at 7–12. The due dates in the pretrial scheduling order were not set for Plaintiff's convenience nor were they to be altered at his whim. His late disclosures have thrown off the pretrial schedule to Defendant's detriment, including by requiring him to quickly file supplemental objections on August 12, 2026, to the 50 exhibits which Plaintiff belatedly identified on August 6, 2026. Minute Order (August 7, 2026); ECF No. 100. Plaintiff's late disclosures also had a cascading negative impact on the Court's ability to prepare for the pretrial conference on August 14, 2026, because it did not receive Defendant's objections to Plaintiff's late disclosures until two days prior to the conference. *See* ECF No. 100. What's more, Plaintiff did not provide the Court's chambers with "[c]opies of all exhibits identified . . . in hard copy in tabbed binders" as the pretrial scheduling order required, making the Court's review of the proposed exhibits, and Defendant's objections thereto, impossible.[1] ECF No. 76 at 4. Then, on August 13, 2026—one day before the pretrial conference—Plaintiff filed an emergency motion to appear virtually, offering no reason for his request other than the fact that he lives in another state. ECF No. 101. The Court thus faces the prospect of resolving numerous evidentiary disputes on a rushed timeline, based on scattered and hurried briefing, without being able to review the exhibits themselves or having the benefit of an in-person hearing in advance of trial. For all these reasons, and given the number of trial issues still to be resolved, the Court finds that the likelihood of this case being ready for a jury on the scheduled trial date is remote.

[1] Defendant also did not provide hard copies of his exhibits to chambers, but because Plaintiff made no objection to those exhibits in the joint pretrial statement, that failure was significantly less problematic than Plaintiff's.

While it is certainly true, as Plaintiff submits, that granting the requested continuance would permit him (and Defendant) more time to correct the problems that his neglect has cause in preparing this case for trial, ECF 99 at 4, the Court would normally be disinclined to permit an opposed continuance of a trial date when the fault rests squarely on the party seeking the continuance and is attributable, at least in part, to that party's failure to comply with the orders of the Court. Nevertheless, the Court has taken into consideration that Plaintiff is appearing *pro se,* which no doubt has played a role in what has transpired, and that Plaintiff's request to continue the trial is his first.

The Court's decision to continue the trial also takes into account Plaintiff's mental health. His motion to continue explains that he suffers from a number of "mental-health conditions for which [he] remains under treatment" and that "the stress associated with the September 9, 2026 trial is exacerbating those illnesses." ECF No. 99 at 3. Plaintiff's motion is supported by a letter from his psychiatrist of nearly three years. *Id.* In it, the psychiatrist identifies Plaintiff's mental health conditions and states that "[t]he stress that [Plaintiff is] undergoing due to the upcoming trial date . . . is exacerbating the illnesses for which he is being treated and would be ameliorated by the requested continuance." *Id.* at 9. Defendant has not challenged that medical opinion, and Court has no basis to doubt it. The Court finds that Plaintiff's showing goes beyond the ordinary stress of litigation that all litigants face, and which normally would not provide a basis to continue a trial date.[2]

Finally, the Court observes that continuation of the trial will permit Plaintiff a final opportunity to find trial counsel. If it was not obvious to Plaintiff before that he needs counsel for trial, it should be now.

---

[2] The Court notes that Plaintiff's other bases to continue the trial—that he is otherwise busy with "new full-time employment" and that he "recently relocated his residence"—are insufficient to justify continuing a trial date set nearly eight months ago. ECF 99 at 3–4, 6.

One final observation. Plaintiff should understand that the Court's grace and patience has its limits. Like every litigant, Defendant has the right to a public trial of the complaint's allegations, if that is where this case is headed. Plaintiff should understand that any further violation of the Court's orders like what has transpired to date, or unjustified delay of trial, may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b) ("If [a] plaintiff fails to prosecute or to comply with [the Federal Rules] or court order, a defendant may move to dismiss [the plaintiff's] case."). Forewarned is forearmed.

For all these reasons, on August 13, 2026, the Court **VACATED** the pretrial conference set for August 14, 2026, and the jury trial set to begin September 9, 2026.

The parties are hereby **ORDERED** to appear for a remote status conference on August 24, 2026, at 2:00 p.m. to discuss what remains to be done to get this case ready for trial and the schedule going forward.

**SO ORDERED**.

Date: August 14, 2026

G. MICHAEL HARVEY
UNITED STATES MAGISTRATE JUDGE